

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AHMED P. RACHID, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | 3:01-CV-0966-K |
| JACK IN THE BOX, | § | |
| | § | |
| Defendant. | § | |

## COURT'S CHARGE TO THE JURY

MEMBERS OF THE JURY:

Now that you have heard all the evidence in this case, I will now instruct you on the law that you must apply.

## GENERAL INSTRUCTIONS

It is your duty to follow the law as I give it to you in this Charge. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence. They are intended only to assist the jury in understanding the evidence and the parties'

contentions.

Answer each question from the facts as you find them. Your answers and your verdict must be unanimous. You must answer all questions from a preponderance of the evidence. A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing proof and produces in your mind a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not true. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

During the course of this trial I may have instructed you that certain testimony and certain exhibits were admitted into evidence for a limited purpose. You may consider such evidence only for the specific limited purposes for which it was admitted.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it,

because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider in properly finding the truth as to the facts in the case. One is direct evidence. A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence. The other is indirect or circumstantial evidence–the proof of a chain of circumstances indicating the existence or nonexistence of certain other facts. Direct proof of a state of mind is almost never available and is not required. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and

circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, known as an expert witness, is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it. You may give it such weight as you may think it deserves. Part of that decision will depend on your judgment about whether the witness's background or training and experience is sufficient for the witness to give the opinion you heard. If you should decide the opinion of an expert witness is not based upon sufficient education, training, or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by

the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Throughout these instructions, I shall refer to the Plaintiff Ahmed P. Rachid as "Rachid." I will refer to the Defendant as "Jack in the Box."

Do not let bias, prejudice or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss this case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case – the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

## **STIPULATED FACTS**

The parties have agreed, or stipulated, that the following facts are not in dispute and will require no proof at trial.

1. Plaintiff was employed by Defendant until February 9, 2001.

2. Plaintiff was the Manager at the store in Mesquite, Texas at the time of his discharge. Plaintiff's birthday is March 24, 1949.

3. Plaintiff was replaced by Steve Dunivent, who was born on August 7, 1953.

4. Since August, 2001, Plaintiff has been employed as a full-time math teacher at Mesquite High School.

5. Patrick Powers represents Jack in the Box; therefore, the actions of Patrick Powers are the actions of Jack in the Box.

## PLAINTIFF'S AGE DISCRIMINATION CLAIM

Rachid claims that Jack in the Box terminated him because of his age, in violation of the Age Discrimination in Employment Act (hereafter referred to as the "ADEA"). The ADEA provides, in pertinent part:

It shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his . . . terms, conditions, or privileges of employment, because of such individual's age[.]

The ADEA prohibits discrimination against an employee who is 40 years of age or older because of that employee's age. The purpose of the ADEA is to insure that employers do not make employment decisions concerning older workers based on their age. The law does not, however, require employers to give older employees more favorable or special treatment, as compared to their younger counterparts, because of their age or length of service. The age of a "protected employee" (i.e., one who is 40 years of age or older) then, is accorded neutral status under the ADEA, neither facilitating nor hindering his employment, his chances for advancement, or his exposure to demotion or discharge.

Not every adverse action affecting an employee who is 40 years of age or older is unlawful discrimination. The ADEA also provides:

It shall not be unlawful for an employer . . . to take any action otherwise prohibited . . . where the [action] is based on reasonable factors other than age. . . .

Stated another way, an employer does not violate the ADEA unless it bases a decision concerning an employee on that employee's age. To prevail on his age discrimination claim, therefore, Rachid must prove that his age had a determinative influence on Jack in the Box's decision to discharge him.

The issue before you is not whether Jack in the Box's decision was a fair or a wise one; the only question you are to consider is whether Rachid's age played a role in Jack in the Box's decision to discharge him. An employer is entitled to discharge employees for subjective business judgments or any other reason that is not discriminatory. If you find that Rachid lost his job for reasons unconnected with his age, even if you think the reasons were incorrect, unfair, harsh or insensitive, then you must find that Jack in the Box has not violated the ADEA. Even if Jack in the Box's business judgment is proven wrong, this is not evidence of discrimination under the ADEA.

In this case, there is no dispute that Rachid was within the protected age group at the time he was discharged. Jack in the Box contends, however, that Rachid was discharged for reasons unrelated to his age, namely, for altering his subordinates' timesheets. Rachid is entitled to prove, if he can, that the reasons advanced by Jack in the Box for his discharge were not its true reasons but were instead pretextual, to cover up prohibited age discrimination. This occurs when an employer either fails to articulate a believable, nondiscriminatory reason for its actions, or the employer articulates such a reason but the plaintiff proves the reason given by the employer is merely a pretext.

"Pretext" means the reason given for a decision is not the real reason; instead, it is a reason given by the employer to hide or to avoid disclosure of the true reason for the employment decision.

If you find that Jack in the Box gave a false reason for discharging Rachid, you are permitted, but not required, to infer that Jack in the Box unlawfully discriminated against Rachid based on his age.

Assertions of subjective belief do not constitute facts. Therefore, the subjective belief of Rachid (or any other witness) that Rachid was discriminated against does not, without more, constitute evidence of discrimination.

If Rachid proves that Jack in the Box discriminated against him based on his age by discharging him, you must also decide whether Jack in the Box's violation of the ADEA was willful. A violation is "willful" if Jack in the Box either actually knew or showed reckless disregard for whether its decision to discharge Rachid was prohibited by the ADEA. A violation is willful if it is done voluntarily, deliberately, intentionally, or with reckless disregard for what was prohibited by the ADEA, although the employer need not have acted with evil motive or bad purpose. A violation is not willful when the employer acts accidentally, inadvertently, with ordinary negligence, non-recklessly, or in good faith.

Intentional discrimination is seldom admitted, and it is not necessary to find direct evidence of intent to discriminate in order to find that the violation was willful.

You should not interpret the fact that the parties are submitting the question of damages to me as a concession of liability by either party.

Question No. 1:

Did Rachid prove by a preponderance of the evidence that his age was a determining factor in Jack in the Box's termination of his employment? If so, did Rachid prove that Jack in the Box's conduct was willful?

> Instruction: Answer the second part of this question only if you have answered the first part of this question "Yes."

ANSWER "Yes" or "No":

Age Discrimination?  *No*

Willful?  _____

## **POST-ARGUMENT INSTRUCTIONS**

You are the sole and exclusive judges of the facts. You should determine these facts without any bias, prejudice, sympathy, fear, or favor, and this determination should be made from a fair consideration of all the evidence that you have seen and heard in this trial. Do not speculate on matters that are not in evidence. Keep constantly in mind that it would be a violation of your own sworn duty to base a verdict on anything but the evidence in the case. Your answers and verdict must be unanimous; that is, all of you must agree to each of your answers. You will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that I have given you instructions about a particular claim or defense, or that I have not so instructed you, should not be interpreted by you in any way as an indication that I believe a particular party should, or should not, prevail in this case.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges – judges of the facts. Your

only interest is to seek the truth from the evidence in the case. You will now retire to the jury room. In a few minutes I will send you this charge and the exhibits the Court has admitted into evidence. Upon receiving the exhibits and charge, you should select a foreperson and commence deliberations. Do not deliberate unless all of you are present in the jury room. In other words, if one or more of you go to lunch together or are together outside the jury room, do not discuss the case.

If during the course of your deliberations you wish to communicate with the Court, you should do so only in writing by a note signed by the foreperson. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with respect to any message or question you might send, that you should never state or specify your numerical division at the time.

During your deliberations you will set your own work schedule, deciding for yourselves when and how frequently you wish to recess and for how long.

After you have reached your verdict, you will return this charge together with your written answers to the foregoing questions. Do not reveal your answers to anyone besides other members of the jury until such time as you are discharged, unless otherwise directed by me.

Your foreperson will sign in the space provided on the following page after you have reached your verdict.

DATED: January 7th, 2005.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

## VERDICT OF THE JURY

We, the jury, have answered the above and foregoing questions as indicated, and herewith return the same into Court as our verdict.

DATED: January __7__, 2005.

_____
FOREPERSON